AN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| SAMUEL LOVE PERKINS,<br>Petitioner, | § § § | |
| v. | § § | Civil Action No. 4:11-CV-186-Y |
| RICK THALER, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br>Respondent. | § § § § § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Samuel Love Perkins, TDCJ-CID #648929, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Amarillo, Texas.

Respondent Rick Thaler is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ).

## C. Factual and Procedural History

In this habeas action, petitioner challenges his January 22, 1993, conviction for murder in the 371st District Court of Tarrant County, Texas. (Pet. at 2; State Habeas R. at 21)[1,2] The Second District Court of Appeals of Texas affirmed the trial court's judgment, and the Texas Court of Criminal Appeals refused his petition for discretionary review on September 21, 1994. *Perkins v. Texas*, Nos. 2-93-069-CR, slip op. (Tex. App.–Fort Worth May 24, 1994) (not designated for publication); *Perkins v. Texas*, PDR No. 726-94. Petitioner did not seek writ of certiorari. (Pet. at 3) Thus, his murder conviction became final on December 20, 1994, 90 days after his petition for discretionary review was refused. *See* SUP. CT. R. 13.1. On July 12, 2001, petitioner filed a state habeas application challenging his conviction under article 11.07 of the Texas Code of Criminal Procedure, which was denied without written order by the Texas Court of Criminal Appeals on the findings of the trial court. (State Habeas R. at cover) TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon Supp. 2010). Petitioner filed two subsequent state habeas applications under article 11.07 challenging the same conviction, which were dismissed as successive under article 11.07, § 4. *Ex parte Perkins*, Appl. Nos. WR-50,097-02 & WR-50,097-03, at cover. Petitioner filed this federal petition on February 3, 2011.[3] As ordered, Thaler has filed a preliminary response addressing only the issue of limitations, to which petitioner replied.

---

[1] "State Habeas R." refers to the record in petitioner's state habeas Application No. 50,097-01.

[2] Petitioner was also convicted of aggravated assault and sentenced to five years' confinement.

[3] A pro se habeas petition is deemed filed when the petition is delivered to prison authorities for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

2

## D. ISSUES

Petitioner claims that the Texas Court of Criminal Appeals erred by dismissing his second state habeas application as to two claims raised therein as successive (grounds one and two) and that there is no corrective process via article 11.07 to address his "constitutional questions." (Pet. at 7-8 & Attach. at 1-2)

## E. STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), effective April 24, 1996, imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claims pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Petitioners attacking convictions which became final before the AEDPA's effective date have one year from the effective date of the Act, or until April 24, 1997, to file a federal habeas corpus action. *Flanagan v. Johnson*, 154 F.3d 196, 200 (5th Cir. 1998); *United States v. Flores*, 135 F.3d 1000, 1006 (5th Cir. 1998).

Under subsection (A), applicable to this case, the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review. As noted above, the state court's judgment became final on December 20, 1994, prior to the effective date of the AEDPA. Thus, petitioner's petition was due on or before April 24, 1997, absent any applicable tolling. *Flanagan*, 154 F.3d at 202. Petitioner's state habeas applications filed after the limitations period had already expired did not operate to toll the limitations period under § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Nor is petitioner entitled to tolling as a matter of equity. Equitable tolling of the statute of limitations is permitted only if rare and exceptional circumstances beyond a prisoner's control make it impossible to file a petition on time. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). The doctrine applies principally when a petitioner is actively misled by a party about the cause of action or is prevented in some extraordinary way from asserting his rights. *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). In order for equitable tolling to apply, the applicant must diligently pursue § 2254 relief. *Id.* The petitioner bears the burden of establishing entitlement to equitable tolling. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

4

The primary gist of petitioner's claims is that the jury was erroneously charged in the disjunctive that authorized his conviction on a non-unanimous verdict. His claims on the issue relate back to his 1993 trial. In an attempt to avoid the preclusive effect of the limitations period, petitioner claims that his conviction "never really became final" absent a unanimous jury verdict, thus the trial court lacked jurisdiction to render a guilty verdict; that his trial counsel was ineffective by failing to properly argue the issue; that he should be allowed some latitude in this action due to his *pro se* status and ignorance of the rules of procedure; and that, because of the lack of unanimity of the verdict, he is actually innocent of the offense. (Pet'r Reply at 1-6)

It appears petitioner's legal arguments are contrary to state law on the jury charge issues. (State Habeas R. at 32-35) *Kitchens v. State*, 823 S.W.2d 256, 258 (Tex. Crim. App. 1991); *Hunter v. State,* 576 S.W.2d 395 (Tex. Crim. App. 1979). Further, clearly petitioner did not exercise due diligence in pursuing federal habeas relief by waiting more than seventeen years to file a federal petition after his murder conviction became final. Nor does petitioner's ignorance of the law or his pro se status constitute the kind of rare and exceptional circumstances warranting equitable tolling of the limitations period. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000). *Fisher v. Johnson,* 174 F.3d 710, 714 (5th Cir. 1999). Likewise, petitioner's claim of actual innocence does not demonstrate an extraordinary circumstance that would excuse his lack of diligence or constitute grounds for equitable tolling, and he has not presented reliable new evidence that establishes his actual innocence of the underlying crime. *See House v. Bell*, 547 U.S. 518, 536-39 (2006); *Schlup v. Delo*, 513 U.S. 298, 326-27 (1995); *Felder*, 204 F.3d at 171.[4]

---

[4]To the extent petitioner complains of the state courts' acts or omissions during the state habeas proceedings, alleged defects or infirmities in state habeas proceedings are not cognizable on federal habeas review. *See Rudd v. Johnson*, 256 F.3d 317, 320 (5th Cir. 2001).

Petitioner's federal petition was due on or before April 24, 1997; thus, his petition filed on February 3, 2011, is untimely and is time-barred. The absence of a state corrective process under which he can now raise his "constitutional questions" is irrelevant to the limitations period for federal habeas corpus review.

## II. RECOMMENDATION

Based on the foregoing discussion, it is recommended that petitioner's petition be DISMISSED with prejudice as time-barred.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until July 18, 2011. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until July 18, 2011, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED June __27__, 2011.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE